UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| KIMBERLY S. VANDERVEER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.:   3:15-cv-1146 |
| | ) | |
| FAMILY DOLLAR, INC. and | ) | |
| FAMILY DOLLAR STORES OF | ) | |
| INDIANA, L.P. | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

Comes now the Plaintiff, Kimberly Vanderveer ("Plaintiff"), by counsel, and for her causes of action against the Defendants, Family Dollar, Inc. and Family Dollar Stores of Indiana, L.P. ("Defendants"), states as follows:

I.
NATURE OF CAUSE

1. This action is brought pursuant to the provisions of the Americans With Disabilities Act, as amended, 42 U.S.C.A. §§ 12101, *et seq.* ("ADA"), pursuant to the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C.A. §§ 12101, *et seq.*, pursuant to the provisions of the Family Medical Leave Act, 29 U.S.C.A. §§ 2601, *et seq.* ("FMLA") and under 28 U.S.C.A. § 1331 and § 1343 to redress and enjoin unlawful employment practices.

## II.
## JURISDICTION

2. During her employment with the Defendants, Plaintiff was a citizen of the United States.

3. Defendant, Family Dollar, Inc., is a for-profit corporation that conducts business within the geographic boundaries of the Southern District of Illinois and has a registered agent in the State of Illinois.

4. Defendant, Family Dollar Stores of Indiana, L.P., was Plaintiff's employer during the entirety or relevant portion of this matter.

5. Defendants themselves or in conjunction with related corporations and business entities which comprise the Defendants employed more than fifty (50) people for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto and therefore Defendants were an "employer" under the FMLA.

6. Defendants are an "employer" as defined by 42 U.S.C. § 12111(5)(A) and 29 U.S.C. §2611(4).

7. Plaintiff is a qualified individual with a disability as that term is defined by the ADAA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendants had knowledge of Plaintiff's disability and/or they regarded Plaintiff as being disabled and/or Plaintiff has a record of being disabled.

8. Further, Plaintiff worked for Defendants for more than one year and greater than twelve hundred and fifty (1250) hours in the twelve (12) months

preceding his need to use medical leave and therefore was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

9. Plaintiff satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendants.

10. On July 23, 2015, the EEOC issued a Notice of Right to Sue on Charge No. 24C-2015-00029. Plaintiff timely files her Complaint within ninety (90) days of her receipt of her Notice of Right to Sue.

11. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §§ 1331 and 1343.

12. All events pertinent to this lawsuit have occurred in the Southern District of Illinois, thus venue in this Court is proper.

13. All conditions for the institution of this action have been met.

### III.
### GENERAL ALLEGATIONS

14. Plaintiff began her employment with Defendants in or about October 2006.

15. At the start of her employment with Defendants, Plaintiff's job title was that of manager in training.

16. At the start of her employment with Defendants, Plaintiff earned approximately $11.00 per hour.

17. At the time of her discharge, Plaintiff held the title of store manager and earned approximately $875.50 per week and normally worked over fifty-two (52) hours per week.

18. As a store manager, Plaintiff's job duties included, but were not limited to: total store operations, hiring employees, training employees, promoting employees, merchandising, promoting sales, inventory, unloading trucks, preventing loss.

19. At all times relevant hereto, Plaintiff met or exceeded Defendants' performance expectations.

20. However, sometime in November of 2014, Plaintiff began to experience a certain health problem. Specifically, Plaintiff suffered from breast cancer, which necessitated medical treatment and possible surgery.

21. Defendants knew about Plaintiff's health condition.

22. In fact, on or about November 10, 2014, Plaintiff informed her supervisor, John Gividen ("Gividen"), of her concerns regarding her health condition and about her doctor's appointment.

23. Defendants did not engage in the interactive process with Plaintiff concerning her disability and Defendants failed to provide Plaintiff with reasonable accommodations. Instead, Defendants terminated Plaintiff's employment on or about December 3, 2014.

24. The only explanation given to Plaintiff by Defendants was that she was fired because of a cash drawer shortage that occurred on or about November 19, 2014.

25. That day, Plaintiff contacted her supervisor, Gividen, about the cash drawer shortage. Plaintiff explained to him that the error had been located, and was a result of a cashier giving a customer $50.00 back instead of the $10.00 that was due to her.

26. Gividen informed Plaintiff to get the money back and to inform the customer if she did not return the money that the police would be called, and she would be banned from the store.

27. On or about November 21, 2014, the customer returned to the store and Plaintiff explained the situation. Plaintiff showed the customer the transaction outlining the error. The $40.00 was returned by the customer with no confrontation.

28. On or about December 3, 2014, Gividen arrived at the store and informed Plaintiff that she was terminated due to this incident and that the customer stated Plaintiff was threatening and intimidating to her.

29. Plaintiff explained to Gividen that this was not the case, and that she did what she was instructed to do by him.

30. Also, Gividen told Plaintiff once she completed her medical treatment that he had a friend that worked for Home Depot that would hire Plaintiff.

31. At all times relevant hereto, Plaintiff's health condition constituted "disability" under the ADA and the ADAAA.

32. However, Plaintiff was meeting the legitimate expectations of her employer and was able to perform the essential duties of her job with the Defendants.

33. Defendants terminated Plaintiff in violation of the Americans with Disability Act "ADA" and the ADA Amendments Act of 2008 "ADAAA".

34. Defendants retaliated against Plaintiff because Plaintiff engaged in protected activity in that she reported her disability and Defendants discriminated against her because of her disability and failed to make reasonable accommodations for Plaintiff.

35. Further, Plaintiff was eligible for FMLA, but was not offered FMLA leave as an option.

36. This FMLA leave could have continued for (12) weeks.

37. Further, upon information and belief, Defendants are self-insured with respect to health insurance coverage for Plaintiff and its other employees.

38. Defendants were motivated, at least in part, to fire Plaintiff because of the possibility of incurring future medical expenses and costs associated with Plaintiff's health condition.

39. Plaintiff, at the time of her termination, enjoyed certain employment benefits in addition to her wages.

40. Plaintiff suffered financially because of the retaliation and wrongful termination. Indeed, Plaintiff has lost wages, 401K, health insurance, life insurance, dental coverage, vision coverage, short and long term disability and other tangible employment benefits as a result of Defendants' conduct.

## IV.
## CAUSES OF ACTION

### Count 1.
### Discrimination and Wrongful
### Termination in violation of the ADA/ADAAA

41. Plaintiff incorporates herein by reference the material allegations contained in Paragraphs 1 – 40 above.

42. Plaintiff's condition substantially limited her ability to perform one or more major life activities and prevented her from doing a broad class of work.

43. At all times relevant hereto, Plaintiff's health condition therefore constituted a "disability" within the meaning of the ADA and the ADAAA.

44. Yet, Plaintiff was meeting the legitimate expectations of her employer and was able to perform the essential duties of her job with the Defendants.

45. Moreover, Plaintiff had the prerequisite experience, training and education for her position with Defendants.

46. Plaintiff therefore was a "qualified individual" as defined by the ADA and the ADAAA.

47. Defendants discriminated against Plaintiff on the basis of disability by not making reasonable accommodations to known physical or mental limitations of

Plaintiff, who was a qualified individual with a disability, all in violation of 42 U.S.C.A. § 12112(b)(5)(A) and 29 C.F.R. § 1630.9.

48. Reasonable accommodations that would enable Plaintiff to carry out the essential functions of her job and that would not impose an undue hardship on the operation of the business of the Defendants were readily available.

49. However, Defendants decided to not to engage in an interactive process to determine the appropriate accommodation under the circumstances and instead terminated Plaintiff's employment.

50. Plaintiff suffered an adverse employment action because of her disability in that she was fired.

51. Similarly situated employees with the Defendants without a disability received more favorable treatment.

52. Defendants retaliated against Plaintiff for exercising her constitutional rights of reporting her disability and Defendants discriminated against her because of her disability.

53. Plaintiff suffered damages as a result of Defendants' conduct.

### Count 2.
### Violation of the FMLA

54. Plaintiff incorporates herein by reference the material allegations contained in Paragraphs 1 – 53 above.

55. Plaintiff provided Defendants with as much notice as she reasonably could and intended to request FMLA–protected medical leave due to her health

condition, which met the definition of the phrase "serious health condition" as defined by 29 U.S.C.A. § 2611(11).

56. Defendants certainly had been provided with enough information to know that Plaintiff was eligible for FMLA leave due to her health and necessary medical treatment.

57. Yet, Defendants failed to provide Plaintiff with FMLA–protected medical leave afforded to Plaintiff as detailed in 29 U.S.C.A. § 2612, thereby intentionally interfering with Plaintiff's FMLA rights.

### Count 3.
### Retaliation – ADA/ADAA

58. Plaintiff incorporates herein by reference the material allegations contained in Paragraphs 1 – 57 above.

59. Plaintiff engaged in a statutorily protected activity by reporting her health condition to the management of Defendants.

60. Plaintiff was terminated shortly after she informed management for Defendants of her health condition.

61. A causal connection exists between Plaintiff informing management of her condition and Defendants' termination of her.

62. Plaintiff suffered damages as a result of Defendants' retaliatory conduct.

## Count 4.
### Retaliation - FMLA

63. Plaintiff incorporates herein by reference the material allegations contained in Paragraphs 1 – 62 above.

64. Plaintiff provided Defendants with as much notice as she reasonably could and intended to request FMLA–protected medical leave due to her health condition, which met the definition of the phrase "serious health condition" as defined by 29 U.S.C.A. § 2611(11).

65. Defendants certainly had been provided with enough information to know that Plaintiff was eligible for FMLA leave due to her health and necessary medical treatment.

66. Defendants retaliated against Plaintiff for attempting to exercise her rights under the FMLA and for her prospective use of FMLA leave.

## V.
## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants including, but not limited to:

a. Compensatory damages including, but not limited to, damage to Plaintiff's professional reputation, all in an amount to be proved at trial and other non-pecuniary damages in an amount to be determined at trial;

b. Back pay, prejudgment interest on the back pay and other compensations due and owing, compensation for the loss of her health insurance coverage, retirement benefits, vacation pay, and other benefits;

    c.    Punitive damages in an amount to be determined at trial;

    d.    Reinstate the Plaintiff to her former position or award front pay in lieu thereof;

    e.    Injunctive relief enjoining Defendant from continuing to foster a discriminatory workplace;

    f.    Costs incurred in pursuing this action, including reasonable attorney fees and the fees of Plaintiff's experts, if any;

    g.    Wages and liquidated damages not exceeding double the amount of wages due for Defendant's intentional violation of the FMLA;

    h.    This Court retaining jurisdiction of this action to ensure full compliance by Defendant with the Court's judgment and decree; and

    i.    All such other relief to which Plaintiff may be entitled and which may be just and proper in the premises.

Respectfully submitted,

s/Kyle F. Biesecker
Kyle F. Biesecker
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com

*Attorneys for Plaintiff*

## RESERVATION OF RIGHTS

Pursuant to the rules of pleading and practice, Plaintiff reserves the right to assert additional violations of Federal Law and to assert violations of State Law.

Respectfully submitted,

s/Kyle F. Biesecker
Kyle F. Biesecker
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN  47708
Telephone:  (812) 424-1000
Facsimile:  (812) 424-1005
Email:  kfb@bdlegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by jury on all counts of this Complaint.

Respectfully submitted,

s/Kyle F. Biesecker
Kyle F. Biesecker
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN  47708
Telephone:  (812) 424-1000
Facsimile:  (812) 424-1005
Email:  kfb@bdlegal.com

*Attorneys for Plaintiff*